FILED BY ＭＨ D.C.

FEB 10 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

KEMAR MCGREGOR
2312 SW 82nd TERRACE
NORTH LAUDERDALE, FL 33068
(863) 399-0107
kemar@fmrecordsmusic.com

23-cv-60259-RS

STEPHAN WARREN
MCWARREN MUSIC
18 KENSINGTON CRESENT, KINGSTON JWI

ROGIER SJARDIJN
SCHAGENSTEEG 22
2312 VM LEIDEN NETHERLANDS

Plaintiff,

**VP RECORDS**
89-05 138th St,
Jamaica, NY 11435
718 425 1100
-and-

**VP RECORDS, MIRAMAR, FL**
6022 S.W. 21st Street, Miramar, Florida, 33023
Tel No: 954 966 7236 | Fax No: 954 966 8766

**STB MUSIC INC.**
89-05 138th St,
Jamaica, NY 11435
718 425 1100
info@vprecords.com

**GREENSLEEVES PUBLISHING**
89-05 138th St,
Jamaica, NY 11435
Tel No: 718 425 1100 | Fax No: 718 658 3573
info@vprecords.com

**CHRIS CHIN**
89-05 138th St,
JAMAICA, NY
89-05 138th Street,

Jamaica NY 11435
Tel No: 718 425 1100 | Fax No: 718 658 3573
ChrisC@vprecords.com

**RANDY CHIN**
JAMAICA, NY
89-05 138th Street,
Jamaica NY 11435
Tel No: 718 425 1100 | Fax No: 718 658 3573
Rchin@vprecords.com

**PATRICIA CHIN**
JAMAICA, NY
89-05 138th Street,
Jamaica NY 11435
Tel No: 718 425 1100 | Fax No: 718 658 3573
info@vprecords.com

    Defendants.

## PRELIMINARY STATEMENT

1. Plaintiff brings this action seeking to put an immediate stop to, and to obtain redress for, Defendants' blatant and purposeful infringement of the copyrights in Plaintiff's musical compositions listed in the Schedules attached.

2. Plaintiff is a hugely successful musical producer with ownership interest in the musical compositions previously mentioned.

3. The Defendants continue to claim sole ownership and publishing rights to said compositions to performance societies worldwide without Plaintiff's authorization and despite several requests made to Defendants by Plaintiff to discontinue the alleged infringement.

4. The Defendants continue to grant distribution rights to said compositions worldwide without Plaintiff's authorization and despite several requests made to Defendants by Plaintiff to discontinue the alleged infringement.

5. Defendants continue to collect revenues generated from the previously mentioned infringement.

6. Defendants' conduct is causing, and unless immediately enjoined will continue to cause, enormous and irreparable harm to Plaintiff. Defendants may not continue to exploit Plaintiff's musical compositions without authorization in order to collect profits from the performance revenues of said compositions to the public. Defendants' conduct must immediately be stopped and Plaintiffs must be compensated for Defendants' willful acts of infringement.

## JURISDICTION AND VENUE

7. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 et seq.).

8. This Court has jurisdiction under 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

9. This Court has personal jurisdiction over Defendants because, among other things, Defendants are doing business in the State of Florida and in this judicial district, the acts of infringement complained of herein occurred in the State of Florida and in this judicial district, and Defendants have caused injury to Plaintiffs and their intellectual property within the State of Florida and in this judicial district.

10. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c), and/or § 1400(a).

## PARTIES

11. Plaintiff Kemar McGregor is a music producer residing in the State of Florida, with his principal place of business in the State of Florida.

12. Defendant VP Records is an Independent Record Label and entertainment distribution corporation duly organized and existing under the laws of the State of New York, with its principal place of business in the State of New York at 89-05 138th Street, Jamaica, NY 11435, and additionally conducts business in the State of Florida at 6022 SW 21st Street, Miramar, FL 33023.

13. Defendant STB Music (part of VP Music Group) is a music publishing corporation organized in New York, with its principal place of business in the State of New York at 89-05 138th Street, Jamaica, NY 11435.

14. Defendants Patricia, Chris and Randy Chin are collectively the owners and/or operators of VP Records, STB Music and Greensleeves Publishing.

15. Defendant Greensleeves Publishing (part of VP Music Group) is a music publishing corporation organized in New York, with its principal place of business in the State of New York at 89-05 138th Street, Jamaica, NY 11435.

## GENERAL ALLEGATIONS

16. On or about November 2022, Plaintiff McGregor conducted a random perusal of the American Society of Composers, Authors and Publishers (ASCAP) web database, and discovered that STB Music Inc. has been claiming 50% of the composition for the track, "Feel the Fire," performed by recording artists Musiq Soulchild and Syleena Johnson. The composition is controlled by McGregor, Stephan Warren, Pop Reggae

Publishing/McWarren Music Publishing and RogierSjardijn, and these parties have never assigned or granted STB Music Inc. or VP Records any rights to the composition.

17. Upon further research, it was discovered that STB Inc. has been claiming 50% of said composition ('Feel the Fire' by Musiq Soulchild and Syleena Johnson) illegally and fraudulently.

18. In addition to fraudulently claiming McGregor's publishing on this track, the defendants also fraudulently *excluded* the publishing rights of Plaintiffs Warren and Sjardijn. The composition is composed by Kemar McGregor, Stephan Warren and RogierSjardijn. However, STB fraudulently registered the composition with ASCAP and Harry Fox Agency *in only Kemar McGregor's name*, and STB is claiming they control 50% on behalf of Kemar McGregor. In fact, the composition is co-owned by Stephan Warren and RogierSjardijn.

19. In similar fashion, Plaintiff McGregor on or about November 2022, conducted another random perusal in The American Society of Composers, Authors and Publishers (ASCAP) and discovered that STB Music and Greensleeves Publishing have been claiming rights to the compositions of the following titles: Beres Hammond, "I Surrender, Acoustic," Duane Stephenson feat Gyptian, "Herbs Man," Elephant Man, "Wine It For Me," Gyptian, "Beauty," Gyptian, "Let's Have Some Fun," and Jah Cure feat Gyptian, "More Thanks For Life." (See exhibit B) All of said compositions are controlled by McGregor, Stephan Warren, Pop Reggae Publishing/McWarren MusicPublishing and RogierSjardijn, and these parties have never assigned or granted STB Music Inc. or VP Records any rights to said compositions.

20. Because VP Records and STB have willfully infringed, and committed fraud, against the Plaintiffs' copyrights, andhave cost the Plaintiffs both financial and business-opportunity losses, the Plaintiffsseek $10 million in damages against VP Records and STB Music.

21. This case falls under the jurisdiction of the State of Florida for reasons set forth below.

22. VP Records and STB Music have accumulated a long history of stealing McGregor's copyrights and compositions since 2009.

23. On or before July 28, 2010, VP Records/STB Music forged Kemar McGregor's signature on abinding co-publishing contract, which wrongfully established VP Records and STB Music as the exclusive administrator of the publishing rights on all of McGregor's compositions. The Co-Publishing Contract (hereinafter referred to as The Forged Co-Publishing Agreement) was first delivered to McGregor via E-Mail on July 28, 2010 by VP Records/STB Music.

24. VP Records/STB Music used The Forged Co-Publishing Agreement to broker the sale of Kemar McGregor's publishing administration rights to BMG Rights Management, one of the world's largest music publishers.

25. Upondiscovering this illegal transaction, Plaintiff McGregor contacted BMG Management, informing them that neither VP Records nor STB Music ever hadrights to his publishing as stated by this illegal agreement, and that he never signed The Forged Co-Publishing Agreement.

26. In 2011, STB Music and VP Records filed a fraudulentlawsuit against Plaintiff McGregor in New York, which was intended to scare Plaintiff McGregor, and to forcehim to agree withThe Forged Co-Publishing Agreement.

27. Plaintiff McGregor responded in 2012 to the lawsuit *pro se* and denied all of the allegations, presenting substantial evidence that forced a settlement, in which the presiding Judge ordered The Forged Co-Publishing Agreement to be **excluded from the settlement**.

28. Plaintiff McGregor discovered that VP Records misrepresented facts in their lawsuit by attempting to hide a 1996 agreement, which would have proven that VP records and STB Music did not control Plaintiff McGregor's publishing.

29. A handwriting expert was introduced to the case, who filed an official opinion to the court that the depictions of Kemar McGregor's signatures on The Forged Co-Publishing Agreement were forensically unlikely to have been Kemar McGregor's authentic signatures.

30. The 2011 lawsuit that VP Records and STB filed against McGregor was settled in 2014.

31. Per the settlement agreement, VP Records was required to pay McGregor $300,000. Under the conditions of the settlement, there are two schedules: Schedule A, containing a list of Plaintiff McGregor's titles, for which VP Records and STB Music agreed to relinquish all rights to publishing and sound-recording masters, and Schedule D, which lists all titles McGregor transferred to VP Records and STB Music (See attached: Schedule A and Schedule D).

32. VP Records violated this settlement agreement numerous times.

33. Plaintiff McGregor sued STB Inc. and VP Records again in 2018, which resulted in a second settlement agreement. VP Records again was required per said settlement to pay thousands of dollars to McGregor, and VP Records again agreed to comply with the settlement agreement.

34. VP Records also violated this second settlement agreement.

35. The Musiq Soulchild and Syleena Johnson copyright, "Feel the Fire," was not subject to the 2014 and 2018 settlement agreements. Neither the writers, nor the composers, licensed this track to VP Records, STB Music Inc. or Greensleeves Publishing. For this reason, **this copyright does not fall under the jurisdiction of the 2014 and 2018 settlement agreements, nor their related lawsuits, and therefore, does not fall under the jurisdiction of the Eastern District of New York**.

36. VP Records, STB Music Inc., Greensleeves Publishing, their CEOs Chris Chin, Patricia Chin and Rodney Chin have stolen millions of dollars by illegally selling Plaintiff McGregor's publishing to BMG, Sony and Warner Music, and they have collected royalties belonging to Plaintiff McGregor from all performance societies worldwide.

37. VP Records and STB Music for over 15 years (since 2006) have been illegally claiming rights to Plaintiff McGregor's musical compositions, lyrics and copyrights. Even after both settlement agreements from 2014 and 2018 – wherein VP Records and STB Music paid McGregor more than US$450,000 – VP Records, STB Music and Greensleeves Publishing still continue to brazenly infringe on Plaintiff McGregor's copyrights without regard for the rules and governance of the U.S. federal court system.

38. As a result of the actions of VP Records, STB Music and Greensleeves Publishing for many years, Plaintiff McGregor has suffered significant stress, depression and other health-related ramifications.

**COUNT 1**
**COPYRIGHT INFRINGEMENT**
**(17 U.S.C. §§ 106 and 501)**

**(By Plaintiff Against Defendants)**

39. Plaintiffs incorporate herein by this reference each and every allegation contained in each paragraph above.

40. Plaintiff is, and at all relevant times has maintained copyright ownership rights either exclusive or otherwise under United States copyright with respect to certain copyrighted sound recordings, including but not limited to the copyrighted sound recordings identified in the Schedules attached hereto, each of which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights (the "Copyrighted Recordings"), and/or each of which is the subject of a valid recording/publishing agreement attached to this lawsuit.

41. Among the rights granted to Plaintiff under the Copyright Act are the rights to reproduce the Copyrighted Recordings and to distribute the Copyrighted Recordings to the public and to derive revenue from said distribution.

42. Through their conduct averred herein, Defendants have infringed Plaintiffs' copyright in the Infringed Composition in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

43. Defendants' acts of infringement are willful, intentional and purposeful, in disregard of and with indifference to Plaintiffs' rights.

44. As a result of Defendant's infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. § 504(c) for Defendant's infringement of each of the Copyrighted Recordings. Plaintiffs further are entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

45. Plaintiffs are also entitled to Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

46. As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiff is informed and believe and on that basis aver that unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiff's rights in the Infringed Compositions. Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, jointly and severally, as follows:

47. For an accounting of, and the imposition of constructive trust with respect to, Defendants' profits attributable to their infringements of Plaintiffs' copyright in the Infringed Composition.

48. For a preliminary and permanent injunction prohibiting Defendants, and their respective agents, servants, employees, officers, successors, licensees and assignees, and all persons acting in concert or participation with each or any of them, from continuing to infringe Plaintiffs' copyright in the Infringed Composition. Furthermore providing:

49. "Defendants shall be and hereby is enjoined from directly or indirectly infringing Plaintiff's rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiff ("Plaintiff's Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiff's Recordings, to distribute (i.e., upload) any of Plaintiff's Recordings, or to make any of Plaintiff's Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendants also shall destroy all copies of Plaintiff's Recordings that Defendants have downloaded onto any computer hard drive or server without Plaintiff's

authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendants' possession, custody, or control."

50. For statutory damages for each infringement of each Copyrighted Recording pursuant to 17 U.S.C. § 504.

51. For Plaintiff's attorneys' fees, costs and disbursements in this action.

52. For prejudgment interest according to law.

53. For such other and further relief as the Court may deem just and proper.

By: _____
Kemar McGregor, Plaintiff

## DEMAND FOR BENCH TRIAL

Plaintiffs demand a bench trial.

Date: January 27D, 2023

KEMAR MCGREGOR

By: _____
Plaintiff